No. 2640

IN RE FRENCH

May 6, 1924.                              225 Pac. 396.

1. ATTORNEY AND CLIENT—ATTORNEY DISBARRED FOR UNEXPLAINED FAILURE TO PAY TO CLIENT MONEY COLLECTED.

Attorney disbarred for failure, fully proved, and for which no reason was advanced, to pay over to his client any part of $1,500, collected two years before, in settlement of claim.

ORIGINAL PROCEEDING.  Disbarment proceeding against Chester D. French, attorney at law.  **Attorney disbarred.**

*E. P. Carville, H. U. Castle, Morley Griswold,* and *J. Poujade,* for Petitioners.

By the Court, DUCKER, C. J.:

The application for the disbarment of Chester D. French was made by a number of attorneys of Elko County, State of Nevada.  Citation was issued on said application requiring the accused to appear before this court on the 10th day of January, 1924, at the hour of 10 o'clock a. m., and show cause, if any he had, why the certificate and license to practice law in the State

of Nevada, heretofore granted to him by this court, should not be revoked, and why he should not be disbarred and precluded from practicing law in all the courts of the State of Nevada. The citation was personally served upon him in the county of Elko, State of Nevada, on the 13th day of December, 1923. Thereafter, at the request of said Chester D. French, a continuance was granted, and the hearing of the application set for February 8, 1924, at 10 o'clock a. m.

At that time the matter came on for hearing before this court, the said Chester D. French in no wise appearing. The informants were represented by the chairman of a committee of the Nevada State Bar Association and by members of the Elko Bar Association. Evidence was introduced in support of the allegations of the accusation, and the matter submitted for consideration and decision.

During all of the time mentioned in the accusation Chester D. French was an attorney at law, duly licensed by the Supreme Court of the State of Nevada to practice his profession in all the courts of this state, and was engaged in the active practice of the law, with his office and place of residence situate in the city of Elko, county of Elko, State of Nevada. It is alleged in the allegation that, during the course of his practice as such attorney and counselor at law, as aforesaid, he has been guilty of misconduct in office. There are five specific allegations of misconduct in the accusation, the first of which reads as follows:

"That on behalf of the board of trade of San Francisco, which said board of trade represented in turn twenty-two creditors of that certain business in Elko, Nevada, known as the Ellen J. Orr Shop, the said Chester D. French received for a sale of the assets of the said Ellen J. Orr Shop on or about the 5th day of April, 1922, the sum of $1,500, which said sum the said Chester D. French, on or about the said 5th day of April, 1922, appropriated to his own use, and that he has not, to the date hereof, remitted any part thereof to the said board of trade of San Francisco, or to the said

creditors represented by said board of trade, or to any person acting in behalf of either, or to any person legally entitled to said moneys."

The first specific allegation of the accusation has been fully established. It appears from the evidence and testimony that some time prior to March 21, 1922, Mrs. Ellen J. Orr was running a millinery shop in the city of Elko in this state. She died, and her husband, W. E. Orr, continued to conduct the business. The business finally resulted in failure, and claims of creditors, amounting to about $3,000, were placed with the board of trade of San Francisco for adjustment. Chester D. French was employed by the board as an attorney in the matter, and later informed the board that he could obtain $1,500 in cash for the assets of the business, if releases could be obtained from all of the San Francisco creditors. The board informed all of the San Francisco creditors of the proposition. They accepted it, and the board wired French to that effect, and instructed him to make the sale. There were two creditors which the board could not readily get in touch with, but releases were afterwards obtained from them. French effected a sale of the stock of goods for $1,500 to Mr. Dreeben and Mr. Sax, who were conducting a clothing store in the city of Elko. In order to purchase the property Dreeben and Sax borrowed $1,500 from the Henderson Banking Company of the city of Elko. The money was placed to their credit in the bank, and on March 21, 1922, Dreeben and Sax drew a check on the Henderson Banking Company for $1,500, payable to E. P. Carville. The check was introduced in evidence, and bears the indorsement of E. P. Carville and Chester D. French. Mr. Carville is an attorney at law residing at the city of Elko, and represented Mr. Orr in the transaction. He is one of the informants against French, and testified at the hearing of the disbarment proceedings in this court. He testified that the check was given to him as he was representing Mr. Orr; that he held the check for a little while in order for French to get a release from the creditors, or to get word from

the San Francisco board of trade that Orr would be released from all claims of creditors; that, after French received the telegram from the board of trade, he turned the check over to him on or about April 6, 1922. The witness identified French's signature on the check, and testified that the latter admitted to him that he got the money on the check, and deposited it in the First National Bank of Elko. The check shows on its face that it was paid by the Henderson Banking Company on April 6, 1922. The witness, Carville, further testified that he had several conversations with French afterwards and tried to have him adjust the matter with the board of trade, and that French promised that he would do so. A receipt dated Elko, Nevada, April 5, 1922, signed by the board of trade of San Francisco, by Chester D. French, attorney, containing a list of twenty-two creditors, and stating that $1,500 had been received from E. P. Carville, as attorney for W. E. Orr, representing the Ellen J. Orr Shop at Elko, Nevada, in full payment of all claims of every name, nature, and kind against said business by said creditors, and releasing said W. E. Orr from any further liability on account of said named creditors, was identified by the witness, and introduced in evidence.

Morley Griswold, an attorney at law residing at Elko, who represented one of the creditors, the Henderson Banking Company, and George J. Miller, assistant secretary of the board of trade, testified at the hearing, and it appears from their testimony that neither the board of trade nor the creditors have received any part of the $1,500 from French. It appears from a letter written by French to the board of trade of San Francisco, dated December 14, 1922, that he promised to have the matter entirely settled and in their hands by January 1, 1923.

From the time the money came into French's hands in trust for the creditors to the time of the hearing almost two years had elapsed. French made no appearance at the hearing, nor was any defense made for him. No reason was advanced for his failure to pay over the

money. His dereliction of duty as an attorney as charged in the first specific allegation has been so fully proved and constitutes misconduct in office of such flagrant character as to call for his disbarment. We therefore deem it unnecessary to pass upon the other charges in the accusation.

It is hereby ordered that the name of Chester D. French be and the same is hereby stricken from the roll of attorneys of this court; and it is further ordered that Chester D. French be and he is hereby precluded and debarred from the right of practicing law as an attorney at law or counselor in all the courts of this state.